FILED

SEP 0 8 2006

GRANT PRICE
CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
BY: _____ DEPUTY

IN THE UNITED STATES BANKRUPTCY COURT
OF THE WESTERN DISTRICT OF OKLAHOMA

IN RE: )
)
BOBBY AND AMY EDDINS ) CASE NO. 06-10761 NLJ
) CHAPTER 13
Debtor. )

## POST-VALUATION HEARING BRIEF AND AUTHORITY IN SUPPORT

COMES NOW the debtors', Bobby and Amy Eddins, by and through their attorney and submit their brief in support with authority. A hearing was held by the Court on August 29, 2006, on the debtors' request to value a certain motor vehicle, namely a 2000 Chrysler Sebring. After entry of evidence by the debtor and at the conclusion of the hearing, the Court requested authorities in support of both the creditors and debtors position, if such authority existed.

The debtors' rely upon a decision entered by the Bankruptcy Court for the Western District of Oklahoma. Specifically, the debtors' rely on In re: Younger, 216 B.R. 649(Bankr.W.D.Okla 1998).

In that case, the Bankruptcy Court was asked to value a motor vehicle owned by Chapter 13 debtors. The Bankruptcy Court explained the methodology it employed to calculate the fair market value of motor vehicles. The methodology used was to average the NADA retail value with the NADA wholesale value and use that average as the "starting point" in it's determination of the motor vehicles fair market value. Once the Court made it's determination of the "starting point", it would then allow either party, the debtor or the creditor to submit evidence that would justify deviation from the starting point. In the absence of any evidence whatsoever, the Court would use

Page 1

the starting point value as the final determination of the motor vehicles fair market value.

It is the debtors' position that this Courts prior application of 11 U.S.C. §506(a) of the holding in <u>Younger</u> remains applicable. This Courts prior holding in <u>Younger</u> has been codified under the new law.

It should be further noted that the revision to 11 U.S.C. §506(a) defines replacement value as "....the price a retail merchant would charge for property of that kind <u>considering</u> the age and condition of the property at the time value is determined" *(Emphasis added)* Title 11 U.S.C. §101 does not define the term "retail merchant". Retail merchant, in debtors' view, is not an auctioneer, a wholesaler, nor individual that places a classified ad in the local newspaper to sell his personal motor vehicle. Rather, a retail merchant is some entity that purchases and sells personal property as its livelihood.

The Court also inquired at the hearing held August 29, 2006, whether the new statute assigned "blame" to either party when determining the value of a motor vehicle. The expressed statutory language of §506(a) does not assign blame. Surely, the Congress knew how to draft the statute if it was its intent to assign blame to a particular party. It did not.

In the case at bar, the debtors' were the only party to submit evidence to the Court establishing lower value for the motor vehicle. The Court should not deviate from its prior methodology in determining a fair market value of a motor vehicle. Should the Court give some credence to the argument of the creditor, the only deviation from the prior methodology should be to have the starting point become the NADA retail value, thus making it incumbent upon the debtors' to provide evidence as to why the fair market value of the motor vehicle should be less than the NADA retail value.

Additional research did not reveal any authority interpreting 11 U.S.C. §506(a).

Respectfully Submitted,

*[signature]*

Gabriel Rivera, OBA# 14454
201 North Broadway, Suite 109
Moore, Oklahoma 73160
405-794-1155

## CERTIFICATE OF SERVICE

This is to certify that on the 8th day of September 2006, a true and correct copy of the forgoing document was mailed, postage prepaid first class, to the following party:

Bart Boren
401 North Hudson, Suite 200
Oklahoma City, Oklahoma 73102

*[signature]*

Terra O'Steen, Legal Assistant

Page 3